Maria C. KARLIS, Movant,

v.

United States SECURITIES and EXCHANGE COMMISSION, Respondent.

Miscellaneous Case No. 09–10107–NMG.

United States District Court, D. Massachusetts.

May 8, 2009.

David L. Klebanoff Gilman, McLaughlin & Hanrahn, LLP, Boston, MA, for Movant.

Karen J. Shimp, Securities and Exchange Commission, Washington, DC, for Respondent.

## MEMORANDUM & ORDER

GORTON, District Judge.

Movant seeks reconsideration of her motion, brought pursuant to the customer challenge provisions of the Right to Financial Privacy Act ("the RFPA"), 12 U.S.C. § 3410, challenging a subpoena served by the United States Securities and Exchange Commission ("the SEC") on her bank. This Court denied that motion without prejudice because the movant failed to submit (along with it) a sworn statement as required by statute. The movant has now submitted such a statement and moves for reconsideration of the order denying her motion.

## I. *Factual Background* [1]

This matter arises out of an SEC investigation into foreign currency exchange ("FOREX") programs. The SEC suspects that certain companies, including Boston Trading and Research LLC ("BTR"), may have engaged in the unauthorized sale of securities and made materially misleading statements to investors. Specifically, the SEC has information suggesting BTR pooled investors' money to carry out its trading program and, by doing so, engaged in the sale of "investment contracts" subject to federal securities laws. Notwithstanding that practice, BTR never registered an offering of securities.

The SEC also believes that BTR made material misrepresentations to investors about their exposure to loss. Specifically, investors were lead to believe that their maximum loss would not exceed a certain percentage of their investment. Despite those representations, BTR suspended its trading program in September, 2008, and subsequently closed, with investors incurring losses of approximately 90% of their investment.

On March 6, 2009, the SEC issued a formal order of investigation authorizing specific staff members to investigate the

---

1. The facts are drawn from the SEC's combined opposition to the motion for reconsideration and motion challenging the subpoena, which is verified in accordance with 12 U.S.C. § 3410(b).

trading practices of BTR and other companies. In connection with that investigation the SEC has obtained documents that identify Craig Karlis as the Managing Director of BTR and as a person who recruited new investors. Craig Karlis is the husband of the movant, Maria Karlis ("Karlis").

On March 27, 2009, the SEC served a subpoena on Sovereign Bank ("Sovereign") seeking information related to Karlis's bank accounts. In accordance with the RFPA, the SEC also served that subpoena on Karlis. Karlis responded by filing a motion for an order preventing the government from obtaining her financial records pursuant to 12 U.S.C. § 3410(a).

## II. Procedural History

· Karlis filed her motion for an order to prevent the government from obtaining her financial records on April 10, 2009, exactly 14 days after the subpoena was mailed. On April 22, 2009, this Court denied that motion without prejudice because Karlis failed to include a sworn statement as required by 12 U.S.C. § 3410(a). Six days later, Karlis filed a motion for reconsideration with an attached sworn statement which repeated her grounds for challenging the subpoena. On May 4, 2009, the SEC filed a combined, verified opposition to the motion to reconsideration and the motion for an order to prevent the government from obtaining financial records.[2]

## III. Motion for Reconsideration

Karlis has moved for reconsideration of her motion in light of the fact that she has now filed a sworn statement. The SEC has opposed the motion for reconsideration on the ground that it is not timely. Specifically, it asserts that under the RFPA Karlis was required to file a sworn statement within 10 days of service or 14 days of mailing the subpoena. *See* 12 U.S.C. § 3410(a). Karlis's initial motion was filed on the last day of the statutory period and, thus, according to the SEC, accepting the belated sworn statement would extend the period beyond what Congress intended. The RFPA intentionally provides short time limits to prevent customer challenges from curtailing an agency's investigation for longer than necessary. *See Sec. & Exch. Comm'n v. Jerry T. O'Brien, Inc.,* 467 U.S. 735, 745, 104 S.Ct. 2720, 81 L.Ed.2d 615 (1984) (noting that "the statute is drafted in a fashion that minimizes the risk that customers' objections to subpoenas will delay or frustrate agency investigations").[3]

██ Despite the SEC's objection, reconsideration of the motion is warranted here, where the Court denied Karlis's initial motion without prejudice in contemplation of her submitting a sworn statement to cure the defect in her motion. The short delay occasioned by Karlis's failure to file such a statement in the first place is not so substantial as to have had a material impact on the SEC's investigation and does not appear to be an intentional effort to delay the proceedings. Consequently, the motion for reconsideration will be allowed.

## IV. Motion for Order Pursuant to the RFPA

██ Turning to the merits of Karlis's challenge to the subpoena, this Court must deny the motion if

---

**2.** Although the RFPA requires the Court to order the government to file a sworn response once it determines that the plaintiff has properly filed a challenge, *see* 12 U.S.C. § 3410(b), that step can be skipped where, as here, the SEC has submitted such a response without the Court's prompting.

**3.** This goal is also exemplified by the statute's requirement that the *court* decide a challenge brought pursuant to the RFPA within *seven* calendar days of the government's response. *See* 12 U.S.C. § 3410(b).

there is demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry. *See* 12 U.S.C. § 3410(c). The showing of relevance need not be substantial and any records that "touch on a matter under investigation" are considered relevant. *See Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir.1989).

With respect to the first prong of the analysis, there is little doubt that the law enforcement inquiry at issue is legitimate. In subpoenaing Karlis's bank records the SEC acted under a formal order entered pursuant to its statutory authority and Karlis nowhere suggests that the investigation itself is illegitimate.

With respect to relevancy, Karlis bears the initial burden of showing that the documents sought are not relevant. *See Davidov v. Sec. & Exch. Comm'n,* 415 F.Supp.2d 386, 391 (S.D.N.Y.2006). If that burden is satisfied, the SEC must show only that there is a reasonable belief that the records are relevant. *Id.* ("What need be shown is not probable cause, but good reason to investigate." (citation and internal quotation marks omitted)).

Karlis contends that the fact that her husband has been affiliated with one of the companies under investigation does not make her bank records relevant because she has had no involvement with her husband's business dealings with those companies. Karlis maintains that:

My account at Sovereign Bank is held in my own name, and I use it for my own personal purposes. It has never been used to hold funds related to any of the above-referenced entities. It has never been used to disburse or receive funds for, to, or on behalf of any of the above-referenced entities.

The SEC responds that such conclusory allegations are insufficient to meet Karlis's prima facie burden of proof and, in any event, it has a reasonable belief that the records sought are relevant. Specifically, the SEC's opposition (which is verified) states that it has evidence that on "more than one occasion funds have been transferred to Karlis' Sovereign Bank accounts from a company under investigation." Moreover, the fact that Karlis is the wife of an individual under investigation is, according to the SEC, alone ground enough to reasonably believe that her bank records are relevant. *See Dawar v. Dep't of Hous. & Urban Dev.,* 820 F.Supp. 545, 547 (D.Kan.1993) (noting that if the subject of an investigation "did misappropriate funds, it is not unreasonable to hypothesize that he may have deposited those funds in his wife's account").

According to the SEC, a review of Maria Karlis's bank accounts could potentially assist it in determining the amount of Craig Karlis's allegedly ill-gotten gains, whether he attempted to conceal them and whether others were involved in such conduct. The records would also be relevant if the SEC were to seek disgorgement of profits obtained in connection with securities violations.

This Court finds the SEC's arguments persuasive and, accordingly, Karlis's motion will be denied. Whether she has satisfied her prima facie burden of showing that the records sought are not relevant is debatable. It is clear, however, that the SEC has a reasonable belief that those records are relevant. *Davidov,* 415 F.Supp.2d at 391. That belief is based upon 1) evidence before the commission indicating that funds from the subject of the investigation were deposited into Karlis's bank accounts and 2) reasonable as-

sumptions drawn from Karlis's status as the spouse of a person under investigation.

## ORDER

In accordance with the foregoing, the movant's motion for reconsideration (Docket No. 4) is **ALLOWED** but, upon such reconsideration, the movant's motion for an order pursuant to the customer challenge provisions of the Right to Financial Privacy Act (Docket No. 1) is **DENIED.**

So ordered.